**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

MARY RODGERS-ROUZIER, on behalf )
of herself and all others similarly situated, )
                                             )
                    Plaintiff,               )
                                             )          Case No. 4:20-CV-4
v.                                           )
                                             )
AMERICAN QUEEN STEAMBOAT                     )
OPERATING COMPANY, LLC,                      )
                                             )
                                             )
                    Defendant.               )
                                             )

**COMPLAINT – Demand for Jury Trial**

Plaintiff Mary Rodgers-Rouzier, on behalf of herself and all others similarly situated,

known and unknown, for her Complaint against Defendant American Queen Steamboat

Operating Company, LLC ("American Queen" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      Plaintiff's claims against Defendant arise under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §201, *et seq.,* for Defendant's failure to pay overtime wages to Plaintiff and

other persons Defendant employs as bartenders, bar servers and bar staff, waiters, cooks and

other kitchen employees, laundry attendants, and housekeepers (collectively referred to herein as

"Service Employees") for the time they worked in excess of forty hours in one or more

individual work weeks.

**THE PARTIES**

2.      Plaintiff is currently employed by Defendant as a bartender. She has worked for

Defendant as a bartender since February 2015.

3.      Plaintiff resides in and is domiciled in Memphis, Tennessee.

4.      Defendant operates a cruise line with multiple American vessels operating river cruises along the Mississippi River, Tennessee River, Ohio River, and Columbia River in the United States.

5.      Defendant is an Indiana corporation with its principal place of business located in New Albany, Indiana, within this judicial district.

6.      At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(d).

7.      Defendant American Queen was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

8.      Defendant American Queen is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

9.      Defendant American Queen's annual gross volume of sales made exceeds $500,000, exclusive of excise taxes, in each of the last three calendar years.

10.     American Queen has operated in excess of seven months a year in each of the last three calendar years. Specifically, one or more American Queen vessels have offered river cruises year-round during the prior three years.

11.     In 2017, Defendant's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

12.      In 2018, Defendant's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

13.     In 2019, Defendant's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

**JURISDICTION AND VENUE**

14.     This Court has jurisdiction over Plaintiff's FLSA claims, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

15.     This Court has general jurisdiction over all claims against Defendant, as the company is headquartered in New Albany, Indiana, within this judicial district.

16.     Venue is proper in this judicial district because Defendant is located in New Albany, Indiana.

**BACKGROUND FACTS**

17.     As a bartender, Plaintiff works a tour of six weeks on and then two weeks off on one of Defendant's vessels.

18.     During each six-week tour, Plaintiff works for Defendant seven days a week, and on average 12 hours or more per day, or 84 or more hours or week per week.

19.     During her six-week work periods, Plaintiff receives no scheduled off days.

20.     Defendant pays Plaintiff a day rate of $52 for the work she performs for Defendant while on tour.

21.     Defendant assesses a service charge of $16.95/day for each guest (who does not opt-out) and pays Plaintiff and other Service Employees a percentage of the service charge.

22.     Defendant did not pay Plaintiff overtime wages for the hours she worked over 40 in each individual work week.

23.     Plaintiff's primary job duty as a bartender is to prepare and serve drinks to guests, and to maintain a clean and fully stocked bar area.

24.     Plaintiff is responsible for knowing Defendant's bar menu, drink recipes, and serving procedures.

25.     Plaintiff's opening bar duties includes wiping down the bar area, stocking and displaying spirits, and securing garnishes for drinks.

26.     Plaintiff's closing bar duties includes mopping in front of and behind the bar, wiping down tables and the bar, and properly storing and securing spirits.

27.     Plaintiff's job duties as a bartender for Defendant are essentially the same as a bartender who works in a bar or restaurant not located on Defendant's vessel.

28.     Plaintiff is not responsible for moving goods from the dock to the vessel.

29.     Plaintiff is not responsible for bringing luggage or equipment onto the vessel.

30.     Plaintiff is not responsible for the maintenance, upkeep, or safety of any equipment related to the ship's operations as a vessel.

31.     Plaintiff provides no navigational support to the vessel.

32.     Plaintiff provides no engineering support to the vessel.

33.     Plaintiff is not responsible for docking the vessel.

34.     Plaintiff provides no safety related services to guests.

35.     Plaintiff is not permitted to enter the vessel's engine rooms or other operational areas, like the bridge, without prior express permission.

36.     Plaintiff is not required to obtain a Transportation Worker Identification Credential (TWIC) as required by the U.S. Coast guard for all workers needing to access secure areas of maritime facilities and vessels.

37.     Plaintiff reports to the bar manager, and at no time has reported to or been supervised by the captain of Defendant's vessel.

4

38.     Defendant classified Plaintiff as exempt from the overtime compensation requirements of the FLSA.

39.     Plaintiff was not and is not exempt from the overtime provisions of the FLSA.

**COLLECTIVE CLASS ALLEGATIONS**

40.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein

41.     Plaintiff brings this action on behalf of herself and other similarly situated persons defined as: all current and former Service Employees employed by Defendant in the prior three years who were paid a day rate.  Plaintiff's Consent Form in this collective action is attached hereto as Exhibit A

42.     Defendant pays bartenders a day rate for their work aboard its vessels.

43.     Defendant does not pay bartenders overtime pay when they work in excess of forty hours in one or more individual work weeks.

44.     Defendant pays bar servers and bar staff a day rate for their work aboard its vessels.

45.     Defendant does not pay bar servers and bar staff overtime pay when they work in excess of forty hours in one or more individual work weeks.

46.     Defendant pays waiters a day rate for their work aboard its vessels.

47.     Defendant does not waiters overtime pay when they work in excess of forty hours in one or more individual work weeks.

48.     Defendant pays cooks and other kitchen employees a day rate for their work aboard its vessels.

49.     Defendant does not pay cooks and other kitchen employees overtime pay when they work in excess of forty hours in one or more individual work weeks.

50.     Defendant pays laundry attendants a day rate for their work aboard its vessels.

51.     Defendant does not pay laundry attendants overtime pay when they work in excess of forty hours in one or more individual work weeks.

52.     Defendant pays housekeepers a day rate for their work aboard its vessels.

53.     Defendant does not pay housekeepers overtime pay when they work in excess of forty hours in one or more individual work weeks.

54.     Service Employees are similarly situated in that they are all subject to American Queen's common plan or practice of paying them a day rate for all time worked in individual work weeks, and not paying them overtime pay at the rate of one and one half times their regular rate for all time they worked in one or more individual work weeks.

55.     Service Employees are not responsible for moving goods from the dock to the vessels.

56.     Service Employees are not responsible for bringing luggage or equipment onto the vessels.

57.     Service Employees are not responsible for the maintenance, upkeep, or safety of any equipment related to the ships' operations as vessels.

58.     Service Employees provide no navigational support to the vessels.

59.     Service Employees provide no engineering support to the vessels.

60.     Service Employees are not responsible for docking the vessels.

61.     Service Employees do not provide safety related services to guests.

62.     Service Employees are not permitted to enter the vessels' engine rooms or other operational areas, like the bridge, without prior express permission.

63.     Service Employees are not required to obtain a Transportation Worker Identification Credential (TWIC) as required by the U.S. Coast guard for all workers needing to access secure areas of maritime facilities and vessels.

64.     Service Employees do not directly report to and are not supervised by the captains of Defendant's vessels.

65.     In one or more individual work weeks during the prior three years, Service Employees were required to work more than forty hours for Defendant.

66.     In one or more individual work weeks during the prior three years, Defendant did not pay Service Employees overtime wages for the time they worked in excess of forty hours.

67.     Defendant classified Service Employees as exempt from the overtime compensation requirements of the FLSA.

68.     Service Employees were not and are not exempt from the overtime provisions of the FLSA.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiff hereby realleges and incorporates the proceeding paragraphs this Complaint.

69.     Plaintiff was entitled to be paid overtime wages at the rate of one and one-half times her regular rate of pay for the time she worked for Defendant in excess of forty hours per week.

70.     Defendant did not pay Plaintiff overtime wages at the rate of one and one-half times her regular rate of pay for the time she worked in excess of forty (40) hours per week.

71.     Service Employees were entitled to be paid overtime wages at the rate of one and one-half times their regular rate of pay for the time they worked in excess of forty hours per week.

72.     Defendant did not pay Service Employees overtime wages at the rate of one and one-half times their regular rate of pay for the time they worked in excess of forty (40) hours per week.

73.     Defendant's failure to pay Plaintiff overtime wages at a rate of one and half times her regular rate of pay for the time she worked in excess of forty hours in individual work weeks violated § 207 of the FLSA.

74.     Defendant's failure to pay Service Employees overtime wages at a rate of one and half times their regular rate of pay for the time they worked in excess of forty hours in individual work weeks violated § 207 of the FLSA.

75.     Defendant willfully violated the FLSA by failing to pay Plaintiff and Service Employees overtime wages for the time they worked in excess of forty hours per week.

76.     Plaintiff and other Service Employees are entitled to recover their unpaid overtime wages for the period three years prior to the filing of this suit.

WHEREFORE, Plaintiff and other similarly situated Service Employees pray for judgment against Defendant as follows:

A.     A judgment in the amount of one-half times the greater of the applicable minimum wage or the regular rate at which Plaintiff and similarly situated Service Employees were paid for all time they worked in excess of forty hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated:  January 6, 2020

Respectfully submitted,

Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Michael Tresnowski (mtresnowski@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Tel: 312-419-1008
Fax: 312-419-1025