# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| MARY RODGERS-ROUZIER, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) AMERICAN QUEEN STEAMBOAT ) OPERATING COMPANY, LLC and, ) HMS GLOBAL MARITIME LLC ) ) Defendants. ) ) | Case No. 4:20-CV-4-SEB-DML |

**FIRST AMENDED COMPLAINT – Demand for Jury Trial**

Plaintiff Mary Rodgers-Rouzier, on behalf of herself and all others similarly situated, known and unknown, for her First Amended Complaint against Defendants American Queen Steamboat Operating Company, LLC ("American Queen") and HMS Global Maritime LLC ("HMS") (collectively, "Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claims against Defendants arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* for Defendants' failure to pay overtime wages to Plaintiff and other persons Defendants employs as bartenders, bar servers and bar staff, waiters, cooks and other kitchen employees, laundry attendants, and housekeeping employees (collectively referred to herein as "Service Employees") for the time they worked in excess of forty hours in one or more individual work weeks.

1

**THE PARTIES**

2.      Plaintiff is currently employed by Defendants as a bartender. She has worked for Defendants as a bartender since February 2015.

3.      Plaintiff resides in and is domiciled in Memphis, Tennessee.

4.      Defendants operate a cruise line with multiple American vessels operating river cruises along the Mississippi River, Tennessee River, Ohio River, Snake River, and Columbia River in the United States.

5.      Defendant American Queen is an Indiana corporation with its principal place of business located in New Albany, Indiana, within this judicial district.

6.      Defendant HMS is a Delaware corporation with its principal place of business located in New Albany, Indiana, within this judicial district.

7.      At all times relevant hereto, Plaintiff was Defendant American Queen's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

8.      At all times relevant hereto, Plaintiff was Defendant HMS's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

9.      Defendant American Queen was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

10.     Defendant HMS was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

11.     Defendant HMS exercised control over Plaintiff, through managing the administrative and operational functions of Defendants' business, including providing human resources oversight.

12. Defendant HMS's human resources oversight duties included hiring employees, handling employee terminations, controlling employees' conditions of employment, and maintaining employment records.

13. Defendant American Queen is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14. Defendant HMS is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

15. Defendant American Queen's annual gross volume of sales made exceeds $500,000, exclusive of excise taxes, in each of the last three calendar years.

16. Defendant HMS's annual gross volume of sales made exceeds $500,000, exclusive of excise taxes, in each of the last three calendar years.

17. American Queen and HMS have operated in excess of seven months a year in each of the last three calendar years. Specifically, one or more American Queen and HMS vessels have offered river cruises year-round during the prior three years.

18. In 2017, Defendant American Queen's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

19. In 2017, Defendant HMS's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

20. In 2018, Defendant American Queen's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

21. In 2018, Defendant HMS's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

22. In 2019, Defendant American Queen's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

23. In 2019, Defendant HMS's average receipts for any six months exceeded 33.33% (1/3) of the gross receipts for the other six months.

**JURISDICTION AND VENUE**

24. This Court has jurisdiction over Plaintiff's FLSA claims, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

25. This Court has general jurisdiction over all claims against Defendants, as both companies are headquartered in New Albany, Indiana, within this judicial district.

26. Venue is proper in this judicial district because Defendants are located in New Albany, Indiana.

**BACKGROUND FACTS**

27. As a bartender, Plaintiff works a tour of six weeks on and then two weeks off on one of Defendants' vessels.

28. During each six-week tour, Plaintiff works for Defendants seven days a week, and on average 12 hours or more per day, or 84 or more hours or week per week.

29. During her six-week work periods, Plaintiff receives no scheduled off days.

30. Defendants pay Plaintiff a day rate of $52 for the work she performs for Defendant while on tour.

31. Defendants assess a service charge of $16.95/day for each guest (who does not opt-out) and pay Plaintiff and other Service Employees a percentage of the service charge.

32. Defendants did not pay Plaintiff overtime wages for the hours she worked over 40 in each individual work week.

33. Plaintiff's primary job duty as a bartender is to prepare and serve drinks to guests, and to maintain a clean and fully stocked bar area.

34. Plaintiff is responsible for knowing Defendants' bar menu, drink recipes, and serving procedures.

35. Plaintiff's opening bar duties includes wiping down the bar area, stocking and displaying spirits, and securing garnishes for drinks.

36. Plaintiff's closing bar duties includes mopping in front of and behind the bar, wiping down tables and the bar, and properly storing and securing spirits.

37. Plaintiff's job duties as a bartender for Defendants are essentially the same as a bartender who works in a bar or restaurant on land.

38. Plaintiff is not responsible for bringing luggage onto the vessel.

39. Plaintiff is not responsible for the maintenance, upkeep, or safety of any equipment related to the ship's operations as a vessel.

40. Plaintiff provides no navigational support to the vessel.

41. Plaintiff provides no engineering support to the vessel.

42. Plaintiff is not responsible for docking the vessel.

43. Plaintiff provides no safety related services to guests.

44. Plaintiff does not perform any job duties in the vessel's engine rooms or other operational areas, like the bridge.

45. Plaintiff is not required to obtain a Transportation Worker Identification Credential (TWIC) as required by the U.S. Coast guard for all workers needing to access secure areas of maritime facilities and vessels.

46. Plaintiff reports to the bar manager, and at no time has reported to or been supervised by the captain of Defendants' vessel.

47. Defendants classified Plaintiff as exempt from the overtime compensation requirements of the FLSA.

48. Plaintiff was not and is not exempt from the overtime provisions of the FLSA.

**COLLECTIVE CLASS ALLEGATIONS**

49. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein

50. Plaintiff brings this action on behalf of herself and other similarly situated persons defined as: all current and former Service Employees employed by Defendants in the prior three years who were paid a day rate. Plaintiff's Consent Form in this collective action is attached hereto as Exhibit A

51. Defendants pay bartenders a day rate for their work aboard its vessels.

52. Defendants do not pay bartenders overtime pay when they work in excess of forty hours in one or more individual work weeks.

53. Defendants pay bar servers and bar staff a day rate for their work aboard its vessels.

54. Defendants do not pay bar servers and bar staff overtime pay when they work in excess of forty hours in one or more individual work weeks.

55. Defendants pay waiters a day rate for their work aboard its vessels.

56. Defendants do not pay waiters overtime pay when they work in excess of forty hours in one or more individual work weeks.

57. Defendants pay cooks and other kitchen employees a day rate for their work aboard its vessels.

58. Defendants do not pay cooks and other kitchen employees overtime pay when they work in excess of forty hours in one or more individual work weeks.

59. Defendants pay laundry attendants a day rate for their work aboard its vessels.

60. Defendants do not pay laundry attendants overtime pay when they work in excess of forty hours in one or more individual work weeks.

61. Defendants pay housekeeping employees a day rate for their work aboard its vessels.

62. Defendants do not pay housekeeping employees overtime pay when they work in excess of forty hours in one or more individual work weeks.

63. Service Employees are similarly situated in that they are all subject to Defendants' common plan or practice of paying them a day rate for all time worked in individual work weeks, and not paying them overtime pay at the rate of one and one half times their regular rate for all time they worked in one or more individual work weeks.

64. Service Employees are not responsible for the maintenance, upkeep, or safety of any equipment related to the ships' operations as vessels.

65. Service Employees provide no navigational support to Defendants' vessels.

66. Service Employees provide no engineering support to Defendants' vessels.

67. Service Employees are not responsible for docking Defendants' vessels.

68. Service Employees do not provide safety related services to guests.

69. Service Employees do not perform job duties in the vessels' engine rooms or other operational areas, like the bridge.

70. Service Employees are not required to obtain a Transportation Worker Identification Credential (TWIC) as required by the U.S. Coast guard for all workers needing to access secure areas of maritime facilities and vessels.

71. Service Employees do not directly report to and are not supervised by the captains of Defendants' vessels.

72. In one or more individual work weeks during the prior three years, Service Employees were required to work more than forty hours for Defendants.

73. In one or more individual work weeks during the prior three years, Defendants did not pay Service Employees overtime wages for the time they worked in excess of forty hours.

74. Defendants classified Service Employees as exempt from the overtime compensation requirements of the FLSA.

75. Service Employees were not and are not exempt from the overtime provisions of the FLSA.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiff hereby realleges and incorporates the proceeding paragraphs this First Amended Complaint.

76. Plaintiff was entitled to be paid overtime wages at the rate of one and one-half times her regular rate of pay for the time she worked for Defendants in excess of forty hours per week.

77. Defendants did not pay Plaintiff overtime wages at the rate of one and one-half times her regular rate of pay for the time she worked in excess of forty (40) hours per week.

78. Service Employees were entitled to be paid overtime wages at the rate of one and one-half times their regular rate of pay for the time they worked in excess of forty hours per

week.

79. Defendants did not pay Service Employees overtime wages at the rate of one and one-half times their regular rate of pay for the time they worked in excess of forty (40) hours per week.

80. Defendants' failure to pay Plaintiff overtime wages at a rate of one and half times her regular rate of pay for the time she worked in excess of forty hours in individual work weeks violated § 207 of the FLSA.

81. Defendants' failure to pay Service Employees overtime wages at a rate of one and half times their regular rate of pay for the time they worked in excess of forty hours in individual work weeks violated § 207 of the FLSA.

82. Defendants willfully violated the FLSA by failing to pay Plaintiff and Service Employees overtime wages for the time they worked in excess of forty hours per week.

83. Plaintiff and other Service Employees are entitled to recover their unpaid overtime wages for the period three years prior to the filing of this suit.

WHEREFORE, Plaintiff and other similarly situated Service Employees pray for judgment against Defendants as follows:

A. A judgment in the amount of one-half times the greater of the applicable minimum wage or the regular rate at which Plaintiff and similarly situated Service Employees were paid for all time they worked in excess of forty hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: June 5, 2020

                                                  Respectfully submitted,

                                                  <u>Douglas M. Werman</u>
                                                  One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Michael Tresnowski (mtresnowski@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Tel: 312-419-1008
Fax: 312-419-1025

# EXHIBIT A

# CONSENT FORM

      I was employed by American Queen Steamboat Operating Company, LLC, and/or its parents, subsidiary or affiliated companies during the prior three (3) years, and in one or more of those weeks was not paid all the minimum wage and/or overtime pay owed to me as required by 29 U.S.C. § 201 *et seq.* I authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is:    Mary Lisa Rodgers-Rouzier

Your signature: *Mary Rodgers* _____