UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARY RODGERS-ROUZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00004-SEB-DML |
| | ) | |
| AMERICAN QUEEN STEAMBOAT | ) | |
| OPERATING COMPANY, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR STEP ONE NOTICE PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Now before the Court is Plaintiff's Motion for Step One Notice Pursuant to the Fair Labor Standards Act [Dkt. 106] to which Defendants responded in opposition [Dkt. 117]. For the reasons set forth herein, Plaintiff's motion is <u>DENIED WITHOUT PREJUDICE</u>.

**I.     Background**

On June 8, 2020, Plaintiff Mary Rodgers-Rouzier, individually and on behalf of those similarly situated, filed her Amended Complaint, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.* ("FLSA"), by failing to pay her for the hours she worked in excess of forty per week. [Dkt. 1]. On June 30, 2020, Defendants moved to dismiss Plaintiff's amended complaint and compel or refer Plaintiff's claims to individual arbitration pursuant to the parties' arbitration employment agreement. [Dkt. 75]. Defendants assert that it has always been American Queen's policy and procedure to

1

require that all newly hired employees execute mutually binding arbitration agreements which state, in pertinent part, that:

> This Agreement and the applicability/construction of any arbitration decision shall be governed by the Federal Arbitration Act. The provisions of this Agreement shall be severable. If any portion of this Agreement is held to be invalid or unenforceable, it shall not affect the remaining portions of this Agreement. This Agreement may be modified by a court or an arbitrator to render it enforceable.

[Dkt. 117-1 at 9]. [1] Defendants argued that the arbitration agreement mandated the dismissal of Ms. Rodgers-Rouzier's claims under the Federal Arbitration Act ("FAA"), but Ms. Rodger-Rouzier asserted that she qualified as a "seaman" under the FAA such that she was exempt from the federal statute and may not be compelled to arbitrate her claims.

We held that Ms. Rodgers-Rouzier qualifies a seaman for purposes of Section 1 of the FAA and cannot be compelled to arbitrate under this statute. Dkt. 97 at 11.[2] On March 31, 2021, Ms. Rodgers-Rouzier moved for conditional certification of a proposed

---

[1] As a result of the global Coronavirus pandemic, American Queen did not operate any of its cruises between March 2020 and March 2021 but resumed limited operations in the spring of 2021. As a result, American Queen required that all employees being (re)hired execute an arbitration agreement as a condition of employment which added a clarifying provision stating that Indiana law will apply if the FAA is deemed not to apply. *See* dkt. 117 at 9–10.

[2] In so ruling, we examined whether arbitration should be compelled under the FAA and we did not consider Defendants' separate argument that Ms. Rodgers-Rouzier may be compelled to arbitrate under state law if she is determined to be beyond the reach of the FAA because this argument was not raised in Defendants' motion to dismiss or the corresponding briefing and was addressed for the first time only in Defendants' subsequent request to submit additional authority. *See* dkt. 97 at 11 n.6. Thus, our prior order focused on the narrow federal issue raised in Defendants' motion to dismiss. However, Defendants' argument that the proposed collective action members have signed arbitration agreements compelling arbitration under *state* law is now properly before us.

collective and issue notice to the following group of "service employees," pursuant to 29 U.S.C. § 216(b):

> All individuals who were paid a day rate and worked for American Queen Steamboat Operating Company LLC and/or HMS Global Maritime LLC on board the American Queen, the American Duchess, the American Empress, or the American Countess at any time between March 30, 2017 and the present in Service Employee job positions, including as housekeeping attendants, laundry attendants, chefs, sous chefs, cooks, galley porters, waiters, waiter assistants, bartenders, bar servers, relief bar managers, river butlers, maître d's and other similar job positions. ("Putative Collective Members").

[Dkt. 107 at 12]. In support of Plaintiff's motion for step one notice, twenty-five employees (including Plaintiff) submitted declarations attesting to their shared status as employees who were paid according to Defendants' day rate policy across river cruise vessels and service employee job positions. *Id.* at 2. Defendants object to the conditional certification and notice on the grounds that virtually all of its employees are subject to mandatory arbitration agreements and, as a result, are contractually foreclosed from participating in this lawsuit.

## II.    Analysis

As previously noted, we determined that Ms. Rodgers-Rouzier may not be compelled to arbitrate under the FAA. However, that exemption of Ms. Rodgers-Rouzier as an exempted "seaman" under the FAA does not preclude a determination that state law may require Ms. Rodgers-Rouzier and other similarly situated employees to individually arbitrate their claims pursuant to the parties' common arbitration agreements. *See Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 843 (7th Cir. 2009) ("[P]rovisions for alternative dispute resolution may be enforced as contracts under state

3

law, even if the provisions are outside the Federal Arbitration Act's scope.") (citing *Omni Tech Corp. v. MPC Sols. Sales, LLC*, 432 F.3d 797 (7th Cir. 2005)). This is true "even when the contract says that the Federal Arbitration Act applies and mentions no other law—if the federal act doesn't apply, the agreement to arbitrate remains viable, and the only question becomes what state's law applies to the contract to arbitrate." *Atwood v. Rent-A-Center E., Inc.*, No. 15-CV-1023-MJR-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016). Because statutory exemption questions relate "to the Court's ability to employ the federal statute, and not to the underlying arbitration agreement's validity," we next look to the applicable state law to determine whether the parties' arbitration agreements are valid. *Id.* at *1.

Defendants claim that nearly all of the Putative Collective Members have entered into mandatory arbitration agreements subject to Indiana law and thus should not be included in the group who would otherwise receive Plaintiff's proposed step one notice. *See* dkt. 117 at 6–9, 15–17.[3] The Seventh Circuit has provided the appropriate analytical framework where, as here, "a defendant opposes the issuance of notice by asserting that proposed notice recipients entered mutual arbitration agreements." *Bigger v. Facebook,*

---

[3] The parties dispute whether state or federal law governs the arbitration agreements at issue, but the parties do not appear to contest that, if state law governs, Indiana law should apply to the extent that federal law is inapplicable. *See* dkt. 117 at 19–20; dkt. 120 at 6. We agree that Indiana law appears to apply here and that the application of Indiana law will extend to any potential Putative Collective Members who were newly hired employees when Defendants recommenced operations in 2021 and signed the 2021 Form Arbitration Agreement, which plainly provides that Indiana law applies to the extent that federal law is deemed unavailable. *See* dkt. 117-1 at 13.

4

*Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020). In such circumstances, the trial court is directed to take specific steps:

> First, the court must determine whether a plaintiff contests the defendant's assertions about the existence of valid arbitration agreements entered by proposed notice recipients.
>
> If no plaintiff contests those assertions, then the court may not authorize notice to the employees whom the defendant alleges entered valid arbitration agreements.
>
> But if a plaintiff contests the defendant's assertions, then—before authorizing notice to the alleged "arbitration employees"—the court must permit the parties to submit additional evidence on the agreements' existence and validity.

*Id.* Ms. Rodgers-Rouzier clearly contests the validity of the arbitration agreements. Thus, before FLSA notice can be approved and/or sent to the Putative Collective Members, *Bigger* requires a determination of the arbitration agreements' application and validity under Indiana law.

Defendants carry the evidentiary burden in this circumstance: "[t]he employer seeking to exclude employees from receiving notice has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for each employee it seeks to exclude from receiving notice." *Id.* Thus far, Defendants have submitted only the declaration from American Queen Steamboat Operating Company LLC's Vice President of Human Resources, Christina Hobbs, which states that "505 out of 516 'service employees' (as defined by Plaintiff) that were employed in 2020 and all but one of the individuals who have filed consents in this action signed an Arbitration Agreement." [Dkt. 117-1 at ¶ 23]. Ms. Hobbs's declaration is insufficient under *Bigger*,

which requires more than a generalized, blanket statement that alleged arbitration agreements exist for unidentified employees. *See Bigger*, 947 F.3d at 1051 (noting that the liberal federal policy favoring arbitration agreements "does not require courts to simply take an employer at its word when it says certain employees entered valid arbitration agreements"). For each employee it seeks to exclude, Defendants must provide evidence of the individual's signed arbitration agreement to establish both its existence and validity, allowing the Court to determine whether each such agreement precludes Plaintiff from notifying the respective employee of this pending litigation.

### III.   Conclusion

Plaintiff's Motion for Step One Notice Pursuant to the Fair Labor Standards Act [Dkt. 106] is <u>DENIED WITHOUT PREJUDICE</u> to refiling once the steps prescribed herein have been accomplished.

IT IS SO ORDERED.

Date:     3/18/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sarah Arendt
WERMAN SALAS P.C.
sarendt@flsalaw.com

Augustus S. Herbert
MIDDLETON REUTLINGER
aherbert@middletonlaw.com

Robert P. Herre
rpherre@aol.com

Bobby R. Miller, Jr.
MILLER HAHN, PLLC
bmiller@millerlaw-firm.com

Dennis D. Murrell
MIDDLETON & REUTLINGER
dmurrell@middletonlaw.com

Loren T. Prizant
MIDDLETON REUTLINGER
lprizant@middletonlaw.com

Maureen A. Salas
WERMAN SALAS P.C.
msalas@flsalaw.com

Michael Tresnowski
WERMAN SALAS P.C.
mtresnowski@flsalaw.com

Douglas M. Werman
WERMAN SALAS PC
dwerman@flsalaw.com