# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| MARY RODGERS-ROUZIER, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:20-CV-00004-SEB-DML ) ) |
| AMERICAN QUEEN STEAMBOAT OPERATING COMPANY, LLC, and HMS GLOBAL MARITIME LLC | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY LITIGATION PENDING INDIVIDUAL ARBITRATION**

## I.   INTRODUCTION

The Federal Rules of Civil Procedure do not allow a party to keep filing motions to dismiss, with new arguments each time, after the Court has ruled on an issue. Repeat motion practice is expressly disallowed by the Federal Rules, which provide that a party making a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

Defendants ignore this rule entirely. In their Renewed Motion to Dismiss Plaintiff's Amended Complaint Or, In The Alternative, To Stay Litigation Pending Individual Arbitration, along with a supporting Memorandum of Law, ECF Nos. 151-152 ("Defendants' Third Motion to Dismiss"), Defendants seek an order under Rule 12(b)(3) compelling Named Plaintiff Mary Rodgers-Rouzier to arbitration. This is the identical relief they sought on March 9, 2020 (ECF No. 16) and on June 30, 2020 (ECF No. 75) after Plaintiff filed a First Amended Complaint. Those motions were resolved by the Court in its March 10, 2021 Order. ECF No. 97.

Defendants apparently believe they are entitled to revisit this issue, in direct violation of the Federal Rules, and when other pressing litigation issues require the Court's attention. Defendants' Third Motion to Dismiss should be denied.

## II.   PROCEDURAL HISTORY

This case was filed January 6, 2020, by Named Plaintiff Mary Rodgers-Rouzier ("Named Plaintiff"). On March 9, 2020, Defendant American Queen Steamboat Operating Company filed a motion to dismiss under Rule 12(b)(3), arguing that Named Plaintiff's claims belonged in arbitration. ECF No. 16. Before the Court ruled on that motion, Plaintiff filed a First Amended Complaint, adding HMS Global Maritime LLC to the suit. ECF No. 71. After the amended pleading, Defendants again filed under Rule 12(b)(3) to send Named Plaintiff's claims to

arbitration on June 30, 2020.  ECF No. 75.

On March 10, 2021, the Court denied both pending Motions to Dismiss.  ECF No. 97 at 12.  The Court issued a 12-page Order, carefully considering the issues raised by Defendants' Motions.  *Id*.  After its attempts to send Named Plaintiff to arbitration were denied by the Court, Defendants filed its Answer and Affirmative Defenses on March 24, 2021.  ECF No. 100.

Over a year after answering, and absent any change to the operative pleadings in this matter, Defendants now seek to revisit the issue of Named Plaintiff's arbitration agreement for a third time, filing Defendants' Third Motion to Dismiss on May 23, 2022.  ECF No. 151.

### III.   ARGUMENT

#### A.   Defendants' Motion is Impermissible Under Rule 12(g)(2)

Defendants' Third Motion to Dismiss was filed in direct violation of the plain language of the federal pleading rules.  Under Fed. R. Civ. P. 12(g)(2), a party making a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The Rule carves out exceptions for subsequent motions to dismiss made pursuant to Rule 12(b)(1) and (6), but motions to dismiss for improper venue pursuant to Rule 12(b)(3) are not included in this exception. "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, and then files a second motion on another ground." *Ennenga v. Starns,* 677 F.3d 766, 773 (7th Cir. 2012). Indeed, courts in this circuit regularly hold that a party that fails to raise an available defense under Rule 12(b)(3) in a motion to dismiss is estopped from raising that defense in a subsequent motion. *See Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *2 (N.D. Ill. Jan. 25, 2013) ("Because the venue objection was available when [Defendants] filed [their] first Rule 12 motion and is not excepted by Rules 12(h)(2) or (3), Rule

2

12(g)(2) prohibit[s] [Defendants] from filing a second Rule 12 motion seeking dismissal for improper venue under Rule 12(b)(3).") citing *Killian v. Concert Health Plan,* No. 07 C 4755, 2008 WL 2561218, at *1 (N.D. Ill. June 24, 2008) ("Rule 12(g) requires a defendant to raise all defenses under 12(b)(2)-(5) at one time, under penalty of waiver."). *See also T.J. McDermott Transp. Co., Inc. v. Cummins, Inc.*, No. 14-04209 (WHW)(CLW), 2018 WL 355139, at *3 (D.N.J. Jan. 9, 2018) (defendants' personal jurisdiction defense was available when it made its original Rule 12(f) motion, and therefore had been waived); *Realtime Data LLC v. Carbonite, Inc.*, No. 6:17-CV-121 RWS-JDL, 2017 WL 4693970, at *1 (E.D. Tex. July 11, 2017) ("A party waives any defenses listed in Rule 12(b)(2)-(5) by … omitting it from a motion in the circumstances described in Rule 12(g)(2).").

Here, the argument that Named Plaintiff's arbitration agreement is enforceable under state law was available to Defendants at the time Defendants filed both the March 9, 2020 and June 30, 2020 motions to dismiss. Defendants failed to make such an argument. The Court notes as much in the Order denying the June 30 motion to dismiss, stating "Nowhere in Defendants' motion to compel and the corresponding briefing do Defendants suggest that they are moving to compel arbitration under state law. Defendants' briefing also omits any reference to which state's arbitration policy would govern here as well as any discussion of whether and to what extent such policy compels arbitration." ECF No. 97, at n. 6. After they failed to raise the state law arbitration defense on two separate occasions, Defendants' third attempt at dismissal, raising a previously omitted argument, is barred by the Federal Rules of Civil Procedure and existing law.

### B. Defendants Have Not Properly Moved to Reconsider the Prior Court Order, Nor Could They

To the extent Defendants might argue for the first time in Reply that Rule 12(g)(2) does not apply because the Third Motion to Dismiss raises the same objections to venue raised in the

first two motions, albeit under a new legal theory, they are essentially asking for a reconsideration of the March 10, 2021 Order, but through a repeat Rule 12 motion. If the motion were construed as a request for reconsideration, the motion would also fail. A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Duvall v. Burkett*, No. 118-cv-03768, 2022 WL 123807, at *1 (S.D. Ind. Jan. 13, 2022) (Barker, J.). Furthermore, any reconsideration motion would be untimely, filed over a year after the Order denying compelled arbitration for Named Plaintiff. *See Franzen v. Ellis Corp.*, No. 03 C 0641, 2004 WL 2535263, at *4 (N.D. Ill. Sept. 15, 2004) ("A motion to reconsider filed several months after the Court's orders and after multiple other issues have been presented by the parties and addressed by the Court is untimely.").

        **C.**      **Defendants' Motion to Compel Arbitration is Otherwise Barred by the Waiver Doctrine**

If the Defendants were to argue that their Third Motion to Dismiss should be analyzed entirely separate from the previous motions and orders, the Motion is barred by the waiver doctrine. "A party's contractual right to insist on arbitration of a dispute is waivable." *Breedlove v. Santander Consumer USA, Inc.*, No. 120-cv-01051, 2021 WL 3879070, at *3 (S.D. Ind. Aug. 26, 2021). The Court looks at as a "party's diligence—or lack of it—in seeking arbitration" to determine whether a party has waived a contractual right. *Id*.

The United States Supreme Court recently clarified in *Morgan v. Sundance, Inc.*, No. 21-328, 2022 WL 1611788 (U.S. May 23, 2022) that courts applying the waiver doctrine in the arbitration context shall "not apply custom-made rules, to tilt the playing field in favor of (or against) arbitration." *Id*. at *4. Rather, the question on arbitration waiver is just like any other contractual waiver issue: did the party seeking to enforce an arbitration agreement "relinquish the right to arbitrate by acting inconsistently with that right." *Id*. at *5.

Here, if the Motion is analyzed apart from the two prior motions to dismiss and the Order denying compelled arbitration as to Named Plaintiff, it is simply a request to compel arbitration filed more than *28 months* after the case was filed. It was filed after Defendants filed their answer and entered into a case management plan, and after the parties attended an unsuccessful mediation. ECF Nos. 100, 102. The request to compel arbitration is plainly filed far after "the earliest feasible determination of whether to proceed judicially or by arbitration." *Breedlove*, 2021 WL 3879070, at *4. Thus, the Motion is either an impermissible rerun of already settled issues, or a new motion that comes too late. Under either analysis, it should be denied.[1]

**D.     Defendants' Motion Should Be Denied for the Reasons Previously Articulated by the Court**

Even if Rule 12(g)(2) and the waiver rules did not bar piecemeal and repetitive attempts to send Named Plaintiff to arbitration, Defendants' Third Motion to Dismiss fails for the reasons already articulated by the Court on March 10, 2021. The arbitration agreement specifically provides that "This Agreement and the applicability/construction of any arbitration decision shall be governed by the Federal Arbitration Act." ECF No. 97 at 3. Congress has carved out from the FAA's coverage certain types of employment contracts, including contracts of employment of seamen. *Id*. at 5 (citing U.S.C. § 1). As a bartender on Defendants' cruises, Named Plaintiff's

---

[1]     Plaintiff reminds the Court that Defendants have never moved to compel the claims of any of the 127 Opt-In Plaintiffs. And they have not done so despite twice filing motions to dismiss the pleadings under Rule 12 citing only Named Plaintiff Rodgers-Rouzier's arbitration agreement, answering the Complaint, attending an initial pretrial conference, exchanging initial disclosures, attending a mediation, and fully briefing the question of conditional certification under the FLSA. The earliest of the Current Opt-In Plaintiffs became a party plaintiff on January 14, 2020, shortly after the initial pleading was filed. Even though Plaintiff understands that Defendants' Third Motion to Dismiss does not relate to the claims of the Opt-In Plaintiffs, if it did so, Defendants have waived any such argument. *Morgan v. Sundance, Inc.*, 2022 WL 1611788, at *1 (U.S. May 23, 2022) (defendant waived opportunity to compel FLSA to arbitration when, it "initially defended against the lawsuit as if no arbitration agreement existed, fil[ed] a motion to dismiss (which the District Court denied) and engag[ed] in mediation (which was unsuccessful)" and then waited "nearly eight months after [plaintiff] filed the lawsuit" to stay the litigation and compel arbitration under the Federal Arbitration Act (FAA) …").

5

employment qualifies her as a "seaman" not subject to compelled arbitration under the FAA. *Id*. at 10. The Court noted that Defendants did not move to compel under state arbitration policy and did not include any "discussion of whether and to what extent such policy compels arbitration." *Id*. at 11 n. 6. Defendants cannot cure a prior failure to raise any state arbitration policy regarding Named Plaintiff's claims by filing additional motions in direct violation of the Federal Rules of Civil Procedure. The Court's prior holding, that Named Plaintiff need not pursue individual arbitration, *id*. at 12, applies at the present time with equal force as it did in March 2021.

Plaintiff also articulated additional arguments in opposing compelled arbitration, including the facts that the agreement includes a one-sided limitations period, an unenforceable waiver of FLSA claims, and a unilateral forum selection clause. ECF No. 81 at 12-18. These are additional reasons for denying Defendants' Third Motion to Dismiss, and Plaintiff incorporates by reference her prior brief in opposition, ECF No. 81, rather than reiterate arguments the Court is well-acquainted with due to Defendants' piecemeal litigation strategy.

**E.     Named Plaintiff Cannot Be Compelled to Arbitration Pursuant to Indiana Contract Law**

Finally, Defendants' Motion would fail even if it was permissible under Rule 12 and was not squarely addressed by a prior Court Order. The agreement at issue is an agreement to arbitrate under federal law. This is unambiguous. The parties selected a single body of governing law to apply to the interpretation of the agreement: "This Agreement and the applicability/construction of any arbitration decision shall be governed by the Federal Arbitration Act." ECF No. 97 at 3.

Defendants want to enforce the agreement pursuant to Indiana contract law rather than the law selected in the terms of the contract. In favor of this argument, they cite no cases where Indiana courts have rewritten an arbitration agreement, deleting a selection of federal law in favor of state law, to save an otherwise unenforceable arbitration agreement.

Defendant's argument – that Indiana state contract law fills the gaps where a selection of federal arbitration policy is unenforceable – runs into a problem of vagueness. To enforce a contract to perform a specific act – outside the federal policy that favors enforcement of private arbitration agreements – the enforcing party must show that the "essential element[s]" of the contract are defined in the document. *See Conwell v. Gray Loon Outdoor Mktg. Grp., Inc.*, 906 N.E.2d 805, 813 (Ind. 2009); *see also Gabriel v. Windsor, Inc.*, 843 N.E.2d 29, 48 (Ind. Ct. App. 2006) ("A court may not substitute its own ideas for any of the terms or conditions of the contract."). Here, the arbitration agreement lacks a selection of governing law (if the FAA provision is deleted) and lacks an unambiguous selection of arbitrator.[2] Defendants argue in other briefing that the specific performance doctrine is irrelevant here, because if specific performance were at issue on arbitration, motions to compel arbitration would be renamed "motions for specific performance of arbitration." ECF No. 153 at 15. But the specific performance doctrine is generally not an issue for arbitration agreement performance because arbitration is sought *pursuant to a statutory policy that favors enforcement.*[3] Here, the *only* statutory policy the parties' adopted is the federal policy, which Defendants now choose to abandon. In the absence of the selected statutory enforcement scheme, general contract principles – and the corresponding requirement for specificity as to essential elements – apply.

Defendants may argue that they are not simply arguing for enforcement under Indiana state contract law, but pursuant to Indiana's state arbitration policy. This argument runs into the problem that Indiana courts adhere to the selected law in an arbitration doctrine. This was the

---

[2] Plaintiff further elaborates on these defects with the Arbitration Agreement at issue in Defendants' Third Motion to Dismiss in Plaintiff's Response Regarding Existence and Validity of Arbitration Agreement, ECF No. 149 at 9-11.
[3] Indeed, the very purpose of the FAA was to remedy circumstances where federal courts refused to order specific performance of an arbitration contract. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 360 (2011) (Breyer, J., dissenting).

7

issue in *Albright v. Edward D. Jones & Co.*, 571 N.E.2d 1329 (Ind. Ct. App. 1991), where the parties disputed whether an arbitration agreement should be construed according to the FAA or Missouri law. The agreement specified "This agreement and its enforcement shall be governed by the laws of the State of Missouri." *Id*. at 1332. The Court honored the parties' agreement – Missouri law applied, and the Court found case law under the FAA was "not binding authority." *Id*. at 1332-33, 1334 n. 5.

Rather than rewrite the contract, the Court should follow *Albright* which evidences Indiana's respect for choice of law clauses in arbitration agreement, reject Defendants' request for "automatic" inclusion of state arbitration principles into all arbitration agreements, and follow the straight-forward logic of *Rittmann v. Amazon.com, Inc*., 971 F.3d 904 (9th Cir. 2020), where the court recognized that there "it is not clear that the parties intended to apply [state law] to the arbitration provision in the event the FAA did not apply, we construe ambiguity in the contract against [defendant] to avoid that result." *Id*. at 920.

## V. CONCLUSION

For the reasons set forth herein, Defendants' Third Motion to Dismiss should be denied.

Dated: June 6, 2022

Respectfully submitted,

s/Michael M. Tresnowski
*One of the Attorneys for Plaintiff*
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Michael M. Tresnowski
(mtresnowski@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
Facsimile: (312) 419-1025

## CERTIFICATE OF SERVICE

      I hereby certify that on June 6, 2022, a copy of the foregoing **Plaintiff's Memorandum in Response to Defendants' Renewed Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay Litigation Pending Individual Arbitration**, was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/ Michael M. Tresnowski
One of Plaintiff's Attorneys
